Wilhelmina M. Wright, United States District Judge
This patent-infringement dispute is before the Court on Defendant St. Jude Medical S.C., Inc.'s motion to dismiss Plaintiff Niazi Licensing Corp.'s claims for indirect infringement and willful infringement. (Dkt. 8.) For the reasons addressed below, St. Jude's motion is denied.
BACKGROUND
Niazi owns United States Patent No. 6,638,268 (the '268 Patent), which is titled "Catheter to Cannulate the Coronary Sinus." The '268 Patent generally embodies an invention related to medical devices-namely, catheters of the type used to cannulate the coronary sinus. The '268 Patent includes 27 claims, but only claim 1 is expressly referenced in Niazi's complaint. Claim 1 is directed to a double catheter for cannulating the coronary sinus of a human heart.
In its complaint, Niazi alleges that St. Jude "manufactures, sells and/or offers to sell ... a telescoping catheter system that it sells under the 'CPS' mark." According to Niazi, St. Jude's CPS catheter system (the accused product) directly infringes the '268 Patent. In addition, Niazi alleges that St. Jude has indirectly infringed the '268 Patent by inducing and contributorily causing its customers to infringe *1080 the '268 Patent, and that St. Jude's infringement of the '268 Patent is willful. St. Jude moves to dismiss Niazi's claims of indirect and willful infringement, arguing that the complaint fails to state a claim on which relief can be granted. See Fed. R. Civ. P. 12(b)(6).
ANALYSIS
A complaint must allege sufficient facts such that, when accepted as true, a facially plausible claim to relief is stated. Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). If a complaint fails to state a claim on which relief can be granted, dismissal is warranted. Fed. R. Civ. P. 12(b)(6). When determining whether a complaint states a facially plausible claim, a district court accepts as true all of the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. Blankenship v. USA Truck, Inc. , 601 F.3d 852, 853 (8th Cir. 2010). To meet the federal pleading standard, factual allegations must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly , 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" are insufficient; and legal conclusions couched as factual allegations may be disregarded. See id. at 555, 127 S.Ct. 1955.
I. Indirect Infringement
St. Jude argues that Niazi has not alleged sufficient facts to support its indirect-infringement claims.[1] Niazi pleads two types of indirect infringement: induced infringement and contributory infringement. The Court addresses each type of indirect infringement in turn.
A. Induced Infringement
"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). An induced-infringement claim requires the defendant to know that the induced acts result in patent infringement. Global-Tech Appliances, Inc. v. SEB S.A. , 563 U.S. 754, 765-66, 131 S.Ct. 2060, 179 L.Ed.2d 1167 (2011). In addition, the plaintiff must establish that it was the defendant's specific intent to encourage another's infringement. DSU Med. Corp. v. JMS Co. , 471 F.3d 1293, 1306 (Fed. Cir. 2006).
St. Jude argues that the complaint fails to allege facts sufficient to conclude that St. Jude had either knowledge of the '268 Patent, knowledge that the induced acts constitute infringement, or specific intent to encourage another's infringement. In relevant part, the complaint alleges that "St. Jude was aware of the '268 Patent prior to the filing of this lawsuit," that St. Jude "encouraged the end users to use the [accused] [p]roduct," and that "St. Jude knew that the use of [the accused] [p]roduct would infringe" the '268 Patent. Although these allegations are not particularly comprehensive or specific, they nonetheless are factual allegations that the Court accepts as true for the purpose of a motion to dismiss. Iqbal , 556 U.S. at 678, 129 S.Ct. 1937. St. Jude's dissatisfaction with the specificity of the factual allegations in the complaint is not a legal basis for dismissal. See Twombly , 550 U.S. at 555, 127 S.Ct. 1955 (stating that a complaint "does not need detailed factual allegations" to survive a motion to dismiss); L.L. Nelson Enters., Inc. v. Cty. of St. Louis , 673 F.3d 799, 805 (8th Cir. 2012) (observing that specific facts are not necessary and a complaint need only give the *1081 defendant fair notice of what the claim is and the grounds on which it rests).
Courts have denied motions to dismiss induced-infringement claims in circumstances analogous to those presented here. In Script Security Solutions L.L.C. v. Amazon.com, Inc. , for example, the court held that plaintiff sufficiently pleaded induced infringement when the complaint specifically identified the allegedly infringing products and described their functionality, alleged that the defendants had pre-suit knowledge of the patents, and alleged that the defendants induced customers to infringe the patents. 170 F.Supp.3d 928, 936-38 (E.D. Tex. 2016) ; see also Regents of Univ. of Minn. v. AT&T Mobility LLC , 135 F.Supp.3d 1000, 1014 (D. Minn. 2015) (denying motion to dismiss even though the plaintiff had not provided additional facts as to the precise manner that customers indirectly infringed the asserted patents and the complaint was not "particularly robust and comprehensive"). Indeed, how the putative infringer learned of the patents is not legally significant when determining the sufficiency of the pleadings. Rembrandt Social Media, LP v. Facebook, Inc. , 950 F.Supp.2d 876, 881-82 (E.D. Va. 2013). "What matters is ... simply that the putative infringer has knowledge of the allegedly infringed patent and its claims." Id. at 882. "[I]t is this knowledge of the patent and its claims by a putative infringer-however obtained-that is essential to a claim for indirect infringement." Id.
The legal decisions on which St. Jude relies are inapposite. See Mastermine Software, Inc. v. Microsoft Corp. , No. 13-cv-0971, 2013 WL 12155289, at *1 (D. Minn. Oct. 8, 2013) (granting motion to dismiss induced-infringement claim "because the complaint does not allege-even in conclusory form-that [defendant] knew" of the patent); see also Prism Techs., LLC v. AT&T Mobility, LLC , No. 8:12CV122, 2012 WL 3867971, at *5 (D. Neb. Sept. 6, 2012) (granting motion to dismiss induced-infringement claim when complaint did not identify the induced parties or allege either knowledge of the patent or intent to infringe). Unlike the complaints in Mastermine and Prism , Niazi's complaint alleges both that St. Jude had knowledge of the '268 Patent and that St. Jude encouraged its end-user customers to use the accused product despite St. Jude's knowledge that the accused product infringes the '268 Patent.
Accordingly, St. Jude's motion to dismiss is denied with respect to Niazi's induced-infringement claim.
B. Contributory Infringement
Niazi also alleges that St. Jude contributorily caused its customers to infringe the '268 Patent. Liability for contributory infringement arises when a party sells or offers to sell an apparatus for use in a patented process and (1) the apparatus "is material to practicing the invention," (2) the apparatus "has no substantial non-infringing uses," and (3) the party selling or offering to sell the apparatus knows that the apparatus is "especially made or especially adapted for use in an infringement of [the] patent." Script , 170 F.Supp.3d at 938 (quoting In re Bill of Lading Transmission & Processing Sys. Patent Litig. , 681 F.3d 1323, 1337 (Fed. Cir. 2012) ); accord 35 U.S.C. § 271(c). St. Jude argues that the complaint includes "only generic statements regarding St. Jude's alleged knowledge and [the] purported non-infringing uses of St. Jude's devices."
As addressed in Section I.A. of this order, the complaint sufficiently alleges that St. Jude had knowledge of the '268 Patent before the commencement of this lawsuit. Niazi's complaint also alleges, in relevant part, that "St. Jude knew that the [accused *1082 ] [p]roduct [was] made or adapted for a use that would infringe" the '268 Patent and that the accused product "is not a commonly available item with substantial non-infringing uses." St. Jude contends that these allegations are deficient because they do not specify "how or when or on what basis St. Jude knew of the patent, let alone knew that the accused product was especially made or adapted to infringe." But St. Jude cites no legal authority requiring this level of specificity for a claim to survive at the pleading stage; and none exists. See Twombly , 550 U.S. at 555, 127 S.Ct. 1955 (stating that a complaint "does not need detailed factual allegations" to survive a motion to dismiss); L.L. Nelson Enters. , 673 F.3d at 805 (same); see also Rembrandt , 950 F.Supp.2d at 881-82 (explaining that how defendant obtained knowledge of the patent is not essential to an indirect-infringement claim). Niazi's allegations that St. Jude had knowledge of the '268 Patent and that St. Jude made or adapted the accused product for an infringing use are factual assertions that adequately allege the elements of a contributory-infringement claim.
St. Jude also disputes the accuracy of Niazi's allegation that the accused product "is not a commonly available item with substantial non-infringing uses." St. Jude maintains that the accused product has "FDA approved non-infringing uses." But when evaluating the merit of a motion to dismiss, the Court accepts the complaint's factual allegations as true, without any consideration of evidence or of factual assertions beyond the pleadings.
The decisions on which St. Jude relies are inapposite. In Bill of Lading , the complaint alleged that the accused product had no non-infringing uses "if you use this [accused product] to perform the patented method." 681 F.3d at 1338 (emphasis added). As the Federal Circuit explained, the inability of a product to simultaneously be used in an infringing and a non-infringing manner is not the relevant inquiry. Id. By contrast, Niazi's complaint alleges unconditionally that the accused product has no substantial non-infringing uses. Moreover, the materials attached to and embraced by the complaint in Bill of Lading contradicted the allegations in the complaint because they contained "repeated descriptions of non-infringing uses to which the accused products can be put," which independently defeated the plaintiff's contributory-infringement claims. Id. No such contradictory facts appear on the face of the pleadings here.
PB & J Software, LLC v. Acronis, Inc. , 897 F.Supp.2d 815 (E.D. Mo. 2012), another case on which St. Jude relies, also is distinguishable. In PB & J Software , the plaintiff alleged only that defendant was "contributorily infringing ... at least one claim" of the patent-in-suit, made "no effort" to plead that the accused products had no substantial non-infringing uses, and failed to plead any facts as to how the accused product was known by the defendant to be especially adapted for a use that infringed the patent. 897 F.Supp.2d at 820. Here, Niazi's complaint alleges both that "St. Jude knew that the [accused] [p]roduct [was] made or adapted for a use that would infringe" the '268 Patent and that the accused product "is not a commonly available item with substantial non-infringing uses." Moreover, Niazi's complaint identifies a specific accused product along with its specific component parts; and the complaint describes these products' functions in comparison to the '268 Patent. See Script , 170 F.Supp.3d at 938 (denying motion to dismiss contributory-infringement claim in similar circumstances).
For these reasons, St. Jude's motion to dismiss is denied with respect to Niazi's contributory-infringement claim.
*1083 II. Willful Infringement
St. Jude also contends that Niazi fails to sufficiently plead willful infringement, arguing that Niazi has not alleged that St. Jude had pre-suit knowledge of the '268 Patent or identified any specific willful conduct on the part of St. Jude. In a patent-infringement lawsuit, a district court may award up to treble damages. 35 U.S.C. § 284 ; Presidio Components, Inc. v. Am. Tech. Ceramics Corp. , 875 F.3d 1369, 1382 (Fed. Cir. 2017). "Enhanced damages are generally only appropriate in egregious cases of misconduct, such as willful, wanton, or malicious behavior." Presidio Components , 875 F.3d at 1382 (citing Halo Elecs., Inc. v. Pulse Elecs., Inc. , --- U.S. ----, 136 S.Ct. 1923, 1932, 195 L.Ed.2d 278 (2016) ). Although in Halo the Supreme Court of the United States altered the legal standard under which a plaintiff must prove willful infringement, "[k]nowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages." WBIP, LLC v. Kohler Co. , 829 F.3d 1317, 1341 (Fed. Cir. 2016) (citing Halo , 136 S.Ct. at 1932-33 ).
Niazi's complaint clearly alleges that "St. Jude was aware of the '268 Patent prior to the filing of this lawsuit." But St. Jude contends that more specificity is required-namely, a "statement as to how, when, or on what basis [Niazi] alleges St. Jude had knowledge of the patent." St. Jude's argument in this regard lacks merit. Notably, because "[w]illfulness does not equate to fraud," a plaintiff need not satisfy "the more stringent pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure." Mitutoyo Corp. v. Cent. Purchasing, LLC , 499 F.3d 1284, 1290 (Fed. Cir. 2007) (internal quotation marks omitted). For the same reasons addressed in Part I of this Order with respect to induced infringement and contributory infringement, St. Jude's contention that the complaint requires greater specificity as to St. Jude's pre-suit knowledge of the '268 Patent fails.
St. Jude also argues that Niazi's willful-infringement claim must be dismissed because the complaint contains "no assertion of any specific conduct by St. Jude" that was willful, wanton, malicious, deliberate, or done in bad faith. In response, Niazi points to its allegations that, despite St. Jude's knowledge of both the '268 Patentand that use of the accused product would infringe the '268 Patent, St. Jude continued to infringe the '268 Patent, encourage end users of the accused product to infringe the '268 Patent, and contributorily caused its customers to infringe the '268 Patent. For these reasons, Niazi maintains that willful infringement is sufficiently pleaded.
As the parties have identified, district courts have taken different positions as to the level of detail required for a willful-infringement claim to survive a motion to dismiss. For example, in Straight Path IP Group, Inc. v. Apple Inc. , the district court concluded that the plaintiff's willful-infringement claim was adequately pleaded based on allegations in the complaint that the defendant, despite being aware both of the asserted patents and the defendant's infringement, continued to sell the accused products and to induce its customers to infringe. No. 16-03582, 2017 WL 3967864, at *4 (N.D. Cal. Sept. 9, 2017). The district court rejected the defendant's argument that more detailed allegations were necessary, observing that such arguments are "for summary judgment, not [judgment] on the pleadings" and that a plaintiff need not "prove willfulness at the pleading stage" so long as the complaint alleges "more than a one-sentence prayer for willfulness relief." Id. (internal quotation marks omitted). Under the holding and *1084 reasoning of Straight Path , Niazi has adequately pleaded willful infringement.
St. Jude cites several decisions that reach the opposite conclusion. See, e.g. , Finjan, Inc. v. Cisco Sys., Inc. , No. 17-cv-72, 2017 WL 2462423 (N.D. Cal. June 7, 2017) ; CG Tech. Dev., LLC v. Big Fish Games, Inc. , No. 2:16-cv-857, 2016 WL 4521682 (D. Nev. Aug. 29, 2016) ; Varian Med. Sys., Inc. v. Elekta AB , No. 15-871, 2016 WL 3748772 (D. Del. July 12, 2016). In Finjan , unlike here, the plaintiff had not alleged that the defendant had pre-suit knowledge of the patent. 2017 WL 2462423, at *5. The court in Finjan also observed that the complaint lacked sufficient allegations of willful conduct because the complaint merely alleged that "[d]espite knowledge of Finjan's patent portfolio , Defendant has sold and continues to sell the accused products and services." Id. (emphasis added). The pleadings here offer a marked contrast. Niazi does not allege that St. Jude had knowledge of a "patent portfolio," but instead alleges that St. Jude had pre-suit knowledge of the specific patent-in-suit and knowledge that use of the accused product infringes the '268 Patent. Moreover, unlike the complaint at issue in Finjan , Niazi's complaint also alleges that St. Jude encouraged end users of the accused product to infringe the '268 Patent and contributorily caused its customers to infringe the '268 Patent. These facts distinguish this case from Finjan . And both CG Technology and Varian are distinguishable on the same basis. See CG Tech. , 2016 WL 4521682, at *14 ; Varian , 2016 WL 3748772, at *7-8.
The concurrence in Halo observes that enhanced damages may not be awarded "simply because the evidence shows that the infringer knew about the patent and nothing more ." 136 S.Ct. at 1936 (Breyer, J., concurring). But the Halo decision, including the concurrence, does not support dismissal of Niazi's willful-infringement claim for at least two reasons. First, the Halo decision did not involve a motion to dismiss or address what factual allegations are necessary to adequately plead willful infringement. Here, at the pleading stage, the Court's analysis focuses on what facts are alleged , not what the evidence shows. Second, Niazi alleges more than St. Jude's knowledge that the '268 Patent exists. Niazi also alleges that St. Jude knew that use of the accused product was infringing and, despite this knowledge, St. Jude continued to use, manufacture, sell, and offer for sale the accused product, along with encouraging and contributorily causing its customers to infringe the '268 Patent. Whether Niazi can prove that St. Jude willfully infringed is not to be resolved on a motion to dismiss. The Court need only determine whether the allegations in Niazi's complaint, albeit minimal, are sufficient to avoid dismissal for failure to state a plausible claim. See Fed. R. Civ. P. 12(b)(6) ; Twombly , 550 U.S. at 570, 127 S.Ct. 1955. Because the allegations are sufficient in this regard, St. Jude's motion to dismiss Niazi's willful-infringement claim is denied.
ORDER
Based on the foregoing analysis and all the files, records and proceedings herein, IT IS HEREBY ORDERED that Defendant St. Jude Medical S.C., Inc.'s motion to dismiss, (Dkt. 8), is DENIED .

St. Jude does not move to dismiss Niazi's direct-infringement claim.